UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 20-cr-20266-PCH

UNITED STATES OF AMERICA

*Plaintiff,*

**v.**

**KEITH MAURICE EDWARDS, JR.,**

*Defendant.*
_____/

**SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE AS TO DEFENDANT, KEITH MAURICE EDWARDS, JR.**

**COMES NOW** the Defendant, KEITH MAURICE EDWARDS, JR., by and through undersigned counsel, and pursuant to Title 18, USC, § 3553(a), the U.S.S.G., the Sixth Amendment, the Due Process Clause of the Fifth Amendment, the United States Constitution, and hereby files his Sentencing Memorandum. In support of this memorandum, Mr. Edwards sets forth the following statement of facts and legal arguments:

**BRIEF PROCEDURAL HISTORY AND OFFENSE CONDUCT**

1. On or about October 29, 2020, Mr. Edwards was arrested and charged by Criminal Complaint with Conspiracy to Distribute Cocaine, a violation of 21 U.S.C. § 846.

2. On October 30, 2020, the Defendant was released on a $75,000, 10% bond and a $225,000 personal surety bond. The Defendant's bond also called for participation in the Location Monitoring Program and initially included Home Confinement; conditions were

recently amended to allow for only a curfew so that Mr. Edwards can work. He remains in the Location Monitoring Program.

3. On April 23, 2021, Mr. Edwards pled guilty to Count Seven of the Indictment that charged him with Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of Title 21 U.S.C. § 846.

4. Sentencing is now scheduled for August 26, 2021.

5. A Pre-Sentence Investigation Report was produced by United States Probation Officer, Amanda Crozier, on June 24, 2021. Officer Crozier timely produced her Pre-Sentence Investigation Report and provided same to undersigned counsel on or about same date via the CM/ECF system.

**OBJECTIONS TO THE PSIR**

6. Defendant provided his Responses and Objections to the Presentence Investigation Report to USPO Crozier on or about July 8, 2021 *via* letter format. Subsequently, a Notice of Filing [D.E. 128] was provided to the Court (at the request of U.S. Probation) that included a copy of the objections provided to Officer Crozier and the Government.

7. After review of the response by Officer Crozier in her final PSIR [D.E. 123], and the omnibus response filed by the United States [D.E. 141], the defendant, through undersigned counsel moves to withdraw his objection to the 2-level role adjustment for use of "a special skill, in a manner that significantly facilitated the commission or concealment of the offense" pursuant to § 3B1.3. A formal reply to the government's response will also be filed withdrawing that objection.

8. The single remaining objection for drug quantity that was used to compute the Base Offense Level of the PSIR remains, as the proper quantity attributable to Mr. Edwards is contained in the Plea Agreement and factual proffer as between 500g to two kilograms, for a Base Offense Level of 24.

9. Should the single remaining objection be sustained, Mr. Edward's total offense level should be 19, with a corresponding criminal history category I and an advisory sentencing guidelines range of 30-37 months.

## SENTENCING MEMORANDUM [1]

10. In *United States v. Booker*, 125 S. Ct. 738 (2004), the Supreme Court held that the United States Sentencing Guidelines, as written, were unconstitutional. The Court created its own remedy by excising those portions of the Federal sentencing statutes which made the guidelines mandatory to satisfy the Sixth Amendment to the United States Constitution. The Supreme Court held that "the Sixth Amendment right to trial by jury is violated where, under a mandatory guideline system, the sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant, nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005).

11. The Supreme Court's remedial holding in *Booker* mandates District Courts to calculate and apply the guidelines as they now exist, but a *Booker* error occurs when the District Court misapplies the guidelines by considering them binding, as opposed to advisory. *United States v. Shelton*, 400 F.3d 1325, 1330-1331 (11th Cir. 2005).

---

[1] This mixed memorandum of law and facts contains arguments pursuant to Title18 USC §3553(a) and other factors the Court may consider in fashioning a reasonable and not greater than necessary sentence tailored to this specific Defendant.

12. The key to any departure within the present advisory guideline scheme is whether or not such a departure is unreasonable. On January 13, 2006, in *United States v. Williams*, 435 F.3rd 1350 (11th Cir. 2006), the Court affirmed a ninety (90) month sentence which was less than half of the lowest sentence within the Advisory Guidelines Range of 188 to 235 months, finding that this was a reasonable sentence.[2]

13. In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court rejected an appellate rule that requires "extraordinary circumstances to justify a sentence outside the Guidelines range," and held that the federal appeals courts may not presume that a sentence falling outside the range recommended by the guidelines is unreasonable (applying that rule to Mr. Gall, it upheld a sentence of 36 months probation for his role in a conspiracy to distribute ecstasy – contrary to a recommended guideline sentence of 30 to 37 months in prison).

14. In *Spears v. United States*, 555 U.S.261 (2009), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines and can impose a sentence lower than the guidelines even if that sentence is based solely on the district court judge's disagreement with them [the guidelines]. The Court adopted the dissents reasoning in *Spears II* (citation omitted) in quoting justice Colloton of the 8th Circuit:

> "Even when a particular defendant…presents no special mitigating circumstances…no outstanding service to the country or [the] community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation, a sentencing court may nonetheless vary downward from the advisory guideline range…The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines…"

---

[2] Significantly, the Eleventh Circuit has held that a guideline sentence is not *per se* a reasonable sentence.

15. Later that year, in *Nelson v. United States*, 555 U.S. 350 (2009), the Court reversed the Fourth Circuit for affirming a guidelines sentence and noted the district court judge's assertion at sentencing that "[the] guidelines are considered presumptively reasonable…unless there's a good reason in the [application of] 3553(a) factors…the guideline sentence is the reasonable sentence." The Supreme Court explained that: "[T]he Guidelines are not only ***not mandatory on sentencing courts; they are also not to be presumed reasonable.*** We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error." (emphasis added).

16. Title 18, USC, § 3553(a) which states in its entirety that:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.[1]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

17. District courts are only required to give some weight to the advisory guidelines as they are to also consider § 3553 factors. *U.S. v. McBride,* 511 F.3D 1293 (11th Cir. 2007).

18. Mr. Edwards, without regurgitating information already contained in the Presentence Investigation Report and without requesting a specific sentence, proposes that the sentencing goals can be accomplished by looking to the guidelines and §3553 factors such as:

Nature and Characteristics of Offense and Defendant:

Mr. Edwards's offense conduct is contained in the PSIR [D.E.123], and in the Factual Proffer [D.E. 86] where it is reflected that Mr. Edwards agreed to serve as security for a confidential source that was transporting sham cocaine on September 16, 2020. Mr. Edwards was brought into this conspiracy by the co-defendant, Roderick Flowers, who indicated that he had a contact that would assist in starting up their private security business. Mr. Edwards attended the meeting set up by Flowers on September 14, 2020 where he met the confidential source and ultimately agreed to provide security for the CS on September 16th, 2020.

Mr. Edwards has pleaded guilty and accepted responsibility for his actions. He recognizes his failure as a former police officer, as a father, as a son, as a member of the community. Mr. Edwards's character is further touched upon by the letters filed in support of his sentencing hearing (Letters in Support of Sentencing have been filed as a separate docket entry, [D.E. 138]).

Of significance, as briefly stated in the PSIR, Mr. Edwards is the father of three young children (Isaiah-age 6, Asia-age 4, and Zion-age 3). Mr. Edwards worked hard to provide for them and has maintained an excellent relationship with not just all his children, but also with the mothers of his children. Mr. Edwards, although not married to Ms. Kayla Katz or Ms. Crystal Bain, has always stood up and taken responsibility for his children. He worked out child support payments privately with them and they have all also greed to shared custody of the children. Mr. Edwards has resided with his mother to be able to support the children and to facilitate their upbringing by having family around for support. Mr. Edwards comes from a tight knit family network despite being raised almost solely by his hard-working single mom (Pamela Nelson).

When one looks at the history of this defendant, it is non-sensical that he would be facing these charges. Although aberrant behavior is specifically excepted as a reason for a downward departure for these specific charges (*see*, U.S.S.G. §5K2.20), it is an enumerated factor for a variance pursuant to 18. U.S.C. 3553(a). *See*, form AO 245 SOR, *Judgment in a Criminal Case, Attachment (Page 3), Statement of Reasons, Section VI(C)*.

> C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** (Check all that apply)
> ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
>   ☐ Mens Rea           ☐ Extreme Conduct       ☐ Dismissed/Uncharged Conduct
>   ☐ Role in the Offense ☐ Victim Impact
>   ☐ General Aggravating or Mitigating Factors: *(Specify)*
>
> ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
>   ☐ Aberrant Behavior           ☐ Lack of Youthful Guidance
>   ☐ Age                         ☐ Mental and Emotional Condition
>   ☐ Charitable Service/Good Works ☐ Military Service
>   ☐ Community Ties              ☐ Non-Violent Offender
>   ☐ Diminished Capacity         ☐ Physical Condition
>   ☐ Drug or Alcohol Dependence  ☐ Pre-sentence Rehabilitation
>   ☐ Employment Record           ☐ Remorse/Lack of Remorse
>   ☐ Family Ties and Responsibilities ☐ Other: *(Specify)*
>   ☐ Issues with Criminal History: *(Specify)*

Mr. Edwards has dedicated these early years of his life to serving his community as both a police officer and member of the Army National Guard as pointed out in the letter from his brother, Jermaine Levy. Prior to his brief involvement in this matter, Mr. Edwards was a model citizen, an exemplary officer, and excellent role model in the community. Should the Court find that Mr. Edwards should receive a variance, many of the listed 3553(a) factors contained in the Statement of Reasons, *supra*, can apply to this particular defendant: aberrant behavior, military service, remorse, non-violent offender, employment record, community ties, family ties and responsibilities, etc.

The Need for the Sentence Imposed:

Mr. Edwards has absolutely no criminal history, and no other contacts with law enforcement. A sentence within the advisory guideline range would not provide just punishment for the offense; further, based on Mr. Edwards's characteristics, a guideline level term of

imprisonment is not necessary to deter criminal conduct, and would not lead to further protection of the community since Mr. Edwards has shown he is otherwise a productive member of society. The above also indicates that there is no need to protect the public from future crimes of the Defendant, as the offense conduct was an anomaly in the life of Mr. Edwards.

The Kinds of Sentences Available:

Should the Court agree that a proper calculation of the defendant's Total Offense Level is 19 in Zone D, undersigned suggests that a sentence within the advisory guideline range (30-37 months) is not reasonable under the circumstances. The Court can exercise its discretion in evaluating the 3553(a) factors to fashion a sentence that could include home confinement, a short period of incarceration, or a combination of both and is not limited to the structure of a Zone D sentence alone.

Based on the foregoing and below, when examining the particular facts of this case and this particular Defendant, a reasonable and not greater than necessary sentence can be formulated by this Court that is well below the sentencing guideline range as proscribed by a cold and barren application of solely the guidelines.

The Need to Avoid Unwarranted Sentence Disparities:

It is also of note that with respect to this defendant, undersigned counsel would anticipate that the Court will be able to observe firsthand that Mr. Edwards should receive a lesser sentence than other similarly situated co-defendants. Mr. Edwards involvement in this matter was temporally limited and he was recruited by the co-defendant. Undersigned believes that in order to avoid a sentencing disparity, Mr. Edwards arguably should receive a less severe sentence that the other participants in the conspiracy. As indicated in the PSIR, Mr. Edwards also met with the government to discuss his conduct in this matter and disclose everything he knew about all

matters contained in the Indictment. Further, Mr. Edwards has maintained the funds to reimburse the United States for the official government funds that were paid to him and the co-defendant, Roderick Flowers. Although not "extraordinary restitution" of sorts, Mr. Edwards nevertheless will pay these monies back as did the co-defendant in this matter.[3]

Departures and variances permit courts to impose an appropriate sentence in the exceptional case in which mechanical application of the guidelines would fail to achieve the statutory purposes and goals of sentencing. Departures and variances also assist in achieving the goals and purpose of the United States Sentencing Commission to ensure and maintain "sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." 28 U.S.C. § 991(b)(1)(B).

Other Factors to be Considered:

Since his arrest and release in this matter in October 2020, Mr. Edwards has demonstrated why a variance or departure from the recommended guidelines should be applied in this case. Mr. Edwards was a model police officer and citizen prior to his arrest, and he has maintained and will maintain himself as a law abiding citizen upon conclusion of this case. He is an exceptional father to three young, wonderful children and holds the highest family values.

His failure to act according to his ethics and morals in making the poor decision that led him to be before this Court has also had collateral consequences which Mr. Edwards has come to accept. He is voluntarily relinquishing his law enforcement certification and understands he will no longer be a police officer or any other law enforcement officer. He can no longer serve in our military. Mr. Edwards is determined to move his life back into the positive direction from where

---

[3] When meeting with the agents in this matter, undersigned and Mr. Edwards also discussed the best avenue to ensure reimbursement of these funds.

Case 1:20-cr-20266-PCH   Document 144   Entered on FLSD Docket 08/24/2021   Page 11 of 12

U.S. v. Keith M. Edwards, Jr.; Case No.: 20-cr-20266-PCH

he came. He will continue to care for his family and will not allow this error in judgment to define him; Mr. Edwards similarly hopes the Court will also look beyond just the relevant conduct in this matter when fashioning a reasonable and appropriate sentence.

## CONCLUSION & RECOMMENDATION

19. Mr. Edwards appears before the Court after having pled guilty to the single count levied against him in the Indictment charging him with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.

20. He has accepted responsibility for his actions; further, Mr. Edwards has zero criminal history points and a criminal history category of I. There remains the issue of the quantity of cocaine for which he is to be held responsible for a determination of his base offense level; however, once the Court determines a guideline range, and when the Court considers all relevant factors, Mr. Edwards requests the court fashion a sentence below the advisory guideline range.

21. Mr. Edwards respectfully asks this Court to impose a sentence below the advisory guideline range and provide for a "reasonable but not greater than necessary" sentence based on the advisory guideline range, PSIR, the Objections thereto, the Sentencing Memorandum, the Plea Agreement, applicable case law cited, and Title 18 USC § 3553(a).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 24, 2021** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

**RESPECTFULLY SUBMITTED BY:**

**PRIETO LAW FIRM**
201 S. Biscayne Blvd., Suite 2800
Miami, FL 33131
Phone: 305-577-3440
Fax:    305-913-1301
Florida Bar No.: 0514071
frank@frankprietolaw.com


By:     **/s/ Frank Andrew Prieto**
        FRANK A. PRIETO, Esq.